Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200-197
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DANIEL FREEMAN, dba FOR WOMEN BY MISTER MARCUS, a California resident,<br><br>Plaintiff<br><br>v.<br><br>THE HANOVOVER AMERICAN INSURANCE COMPANY dba HANOVER INSURANCE GROUP, a New Hampshire corporation; and DOES 1 THROUGH 5, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-06553-FMO-SP<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **DECLARATORY JUDGEMENT**<br>2. **BREACH OF CONTRACT**<br>3. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff brings the following causes of action against Defendants.

## I.    FEDERAL JURISDICTION

1. Plaintiff alleges the amount in controversy in this action exceeds $75,000. Plaintiff is a California resident and The Hanover American Insurance Company dba Hanover Insurance Group is a New Hampshire corporation. This court has **diversity jurisdiction** over this matter under 28 U.S.C section 1332.

## II.    THE PARTIES

### A.    Plaintiff

2. ROBERT DANIEL FREEMAN, dba FOR WOMEN BY MISTER MARCUS, a California resident ("Plaintiff"), owns and operates a retail clothing store located in Palm Desert, California.

### B.    Defendants

3. THE HANOVOVER AMERICAN INSURANCE COMPANY dba HANOVER INSURANCE GROUP ("Hanover"), a New Hampshire corporation, regularly and systematically does business in this jurisdiction.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued here in as DOES 1 through 5, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendant(s) by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that Defendants designated herein as a DOE are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this

2

FIRST AMENDED COMPLAINT

complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known. Hanover and DOE Defendants are hereinafter referred to as "Defendants."

## II.  GENERAL ALLEGATIONS

**The Government Orders**

5.  In mid-March of 2020, local and state authorities in California began to order widespread closures of non-essential businesses. On March 12, 2020, California Governor Gavin Newsom issued a statewide directive known as the Safer at Home order, which instructed all 40 million California residents to remain at home, with certain exceptions. This mandate essentially ended in-store service at California retailers. The Governor then issued another series of mandates requiring retailers to cease in-store retail sales. The impact of these orders was felt not simply in their direct application to Plaintiff's business operations, but also in their application to neighboring businesses and properties.

6.  Even when California relaxed its Stay at Home mandates for a time, Plaintiff still encountered continued loss of business income due to those orders because government officials continued to state that densely occupied public spaces *could be* unsafe, and continuing to operate a retail store such as Plaintiff's in the same manner as before *could potentially* expose customers and workers to the risk of a contaminated premises.

FIRST AMENDED COMPLAINT

7.     **Plaintiff's business was never contaminated with the virus in or on any part of the physical structure of the business, and none of the business's workers or customers were ever contaminated with the virus at the business.** In short, the COVID-19 virus has never infected Plaintiff's business. The cessation of Plaintiff's business was caused solely by the government shutdown orders and not the virus.

8.     Prior to the pandemic and the resulting government shutdown, Plaintiff purchased a comprehensive business policy from Defendants, policy number OD3 A727713 (the "Policy"), which is the policy at issue in this lawsuit.

9.     The Policy contains full-spectrum, comprehensive insurance for Plaintiff's entire business – not just for damage to Plaintiff's physical premises and equipment. The Policy includes coverage for loss of business income, as well as additional "civil authority" coverage for extra expense caused by the action of a civil authority.

10.    Plaintiff reasonably believed the Policy would apply to business interruptions under circumstances like those caused by the government shutdown.

**Plaintiff's Business Interruption Damages**

11.    The Policy provides coverage for loss of business income due to suspension of operations.

4

FIRST AMENDED COMPLAINT

12. Plaintiff has suffered a suspension of his business operations caused by government prohibitions and restrictions on any customers being able to enter his store. Plaintiff alleges that since there was no infection or related harm from the virus to people at the business or the business's property, the deprivation of Plaintiff's ability to operate his business was solely caused by government action.

**Defendants' Denial of Coverage**

13. On or about May 7, 2020, Plaintiff reported a loss of business income and otherwise made a claim for coverage under the Policy.

14. Dispite collecting premiums for the Policy, Defendants categorically denied Plaintiff's claims arising from California's mandated interruption of Plaintiff's business services.

15. On May 19, 2020, Defendants denied Plaintiff's claim for coverage via a cursory denial letter, the majority of which simply quotes the Policy.

16. Plaintiff alleges Defendants' denial was made with little or no investigation and without due regard for the interests of Plaintiff. The coverage denial letter received by Plaintiff rests on an erroneous and misplaced reading of coverage language, and an overbroad reading of the policy's exclusions. Defendants rely heavily on a virus exclusion in the Policy to deny coverage to Plaintiff. However, contamination from the virus is not the cause of Plaintiff's business losses – the broad government shutdown orders are.

17. The Policy includes civil authority coverage which is directly applicable to Plaintiff's situation. Despite this, Defendants still wrongfully denied coverage. Plaintiff alleges this denial letter raises the specter of a bad faith denial.

18. Defendants' denial letter, on information and belief, appears to be a form letter sent in response to business interruption claims arising from California's Stay at Home orders. Defendants' denial is contrary to the terms and conditions of the policy and applicable law, which gives effect to plain language, construes ambiguity in favor of coverage, and narrowly construes exclusions, the applicability of which insurers have the burden of proving.

19 Defendants' denial of coverage breached Defendants' obligation and responsibility to provide coverage available through the Policy to Plaintiff due to Plaintiff's covered loss of business income since his premises was rendered unusable and uninhabitable and had essentially had its operations suspended by the government. As a result, Defendants' denial of coverage and breach of the insurance policy it issued, Plaintiff has suffered and will continue to suffer damages. A declaratory judgment determining that the coverage provided under the policy and an order that such coverage is owed will prevent Plaintiff from being wrongfully left without the coverage Plaintiff is entitled to here. Plaintiff thus brings this action seeking declaratory relief, insurance coverage owed under its policy, and damages.

FIRST AMENDED COMPLAINT

20. Plaintiff reserves the right to amend this complaint to allege additional damages should the government issue additional orders which also limit the use and functionality of Plaintiff's business.

### III.   CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**Declaratory Judgment**

21. Plaintiff re-alleges the paragraphs above as if fully set forth herein.

22. Plaintiff purchased a comprehensive business insurance policy from Defendants.

23. Plaintiff paid all premiums required to maintain its comprehensive business insurance policy in full force. The comprehensive business insurance policy includes provisions that provide coverage for the direct physical loss of or damage to the premises as well as actual loss of business income and extra expenses sustained during the suspension of operations as a result of such loss or damage.

24. On or about March 19, 2020, California issued the Stay at Home order mandating that all Californians remain at home, with certain exceptions. This mandate required retailers to cease all non-essential services. This mandate also applied to neighboring businesses, thus causing widespread closures surrounding Plaintiff's business premises.

FIRST AMENDED COMPLAINT

25. As a result of this mandate, the covered property of Plaintiff's store lost some or all of its functionality and/or became useless or uninhabitable, resulting in substantial loss of business income.

26. These losses are insured losses under several provisions of Plaintiff's comprehensive business insurance policy including business income and expense coverage, and coverage for civil authority orders.

27. There are no applicable, enforceable exclusions or definitions in the insurance policies that reasonably preclude coverage for these losses.

28. WHEREFORE, Plaintiff seeks a declaration that her business income losses are covered and not precluded by exclusions or other limitations in Plaintiff's comprehensive business insurance policy with Defendants.

## SECOND CAUSE OF ACTION
### Breach of Contract

29. Plaintiff re-alleges the paragraphs above as if fully set forth herein.

30. Plaintiff purchased a comprehensive business insurance policy from Defendants to insure against the risk of a government action which results in the shutdown of Plaintiff's business. This Policy was a binding contract that afforded Plaintiff comprehensive business insurance under the terms and conditions of the Policy. Plaintiff met all or substantially all of its contractual obligations, including paying all the premiums required by Defendants. On or about March 19, 2020,

8

FIRST AMENDED COMPLAINT

California issued the Stay at Home order mandating that all Californians remain at home, with certain exceptions. This mandate required retail stores, including the one owned by Plaintiff, to cease all in-person services. This mandate also applied to neighboring businesses, thus causing widespread closures surrounding Plaintiff's business premises.

31. Beginning on about March 19, 2020, and continuing through the date of the filing of this Complaint, Plaintiff suffered and continues to suffer the direct physical loss of property and lost business income following California's Stay at Home order. These losses are covered under the Policy.

32. There are no applicable, enforceable exclusions in Plaintiff's comprehensive business insurance policy that preclude coverage. The business's operations were not suspended because of any contaminations by the COVID-19 virus to any people working at the business, any customers of the business or any of the business's property.

33. Defendants breached the Policy by denying comprehensive business insurance coverage to Plaintiff.

34. As a direct and proximate result of Defendants' denial of comprehensive business insurance coverage to Plaintiff, Plaintiff suffered damages.

FIRST AMENDED COMPLAINT

35. WHEREFORE, Plaintiff seeks: (a) a judgment for itself and similarly situated retailers that Defendants breached its contracts with Plaintiff; and (b) corresponding damages for that breach.

## THIRD CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing

36. Plaintiff re-alleges the paragraphs above as if fully set forth herein.

37. Plaintiff purchased a comprehensive business insurance policy from Defendants to insure against the risk of a government action which results in the shutdown of Plaintiff's business.

38. The Policy was subject to an implied covenant of good faith and fair dealing that all parties would act in good faith and with reasonable efforts to perform their contractual duties—both explicit and fairly implied—and not to impair the rights of other parties to receive the rights, benefits, and reasonable expectations under the contracts. These included the covenant that Defendants would act fairly and in good faith in carrying out its contractual obligations to provide Plaintiff with comprehensive business insurance.

39. Defendants breached the implied covenant of good faith and fair dealing by:

FIRST AMENDED COMPLAINT

a. Selling Plaintiff a policy that appears to provide liberal coverage for loss of property and lost business income with the intent of interpreting undefined or poorly defined terms, and ambiguously written exclusions to deny coverage under circumstances foreseen by Defendants;

b. Denying coverage for loss of property use and lost business income unreasonably, and without proper cause, by applying undefined ambiguous, and contradictory terms contrary to applicable rules of policy construction and the plain terms and purpose of the policy;

c. Denying Plaintiff's claim for loss of property and loss of business income without conducting a fair, unbiased and thorough investigation or inquiry, arbitrarily and capriciously, and/or with knowledge that the denial was unreasonable under the policy;

d. Misrepresenting policy terms; and

e. Compelling Plaintiff to initiate litigation to recover policy benefits to which Plaintiff is entitled.

11

FIRST AMENDED COMPLAINT

40. Plaintiff met all or substantially all of Plaintiff's contractual obligations, including by paying all the premiums required by Defendants. Defendants' failure to act in good faith in providing comprehensive business insurance coverage to Plaintiff denied Plaintiff the full benefit of the bargain.

41. Accordingly, Plaintiff has been injured as a result of Defendants' breach of the covenant of good faith and fair dealing and is entitled to damages in an amount to be proven at trial.

42. WHEREFORE, Plaintiff seeks: (a) a judgment for itself and similarly situated retailers that Defendants have breached the covenant of good faith and fair dealing implied in its contract with Plaintiff; and (b) corresponding damages for that breach.

## IV. PRAYER FOR RELIEF

43. **WHEREFORE,** Plaintiff requests that the Court enter a judgment awarding the following relief:

   a. A declaration that Plaintiff's losses are covered under Defendants' comprehensive business insurance policy; and

   b. Plaintiff also requests damages, attorney's fees and costs, and such other and further relief as is just and proper as compensation for

FIRST AMENDED COMPLAINT

Defendants' breach of contract and breach of the implied covenant of good faith and fair dealing.

DATED:   October 6, 2020        **HAMNER LAW OFFICES, APLC**

_____
Christopher J. Hamner
Attorney for Plaintiff

FIRST AMENDED COMPLAINT